Matthew D. Mellen (Bar No. 233350)
MELLEN LAW FIRM
411 Borel Avenue, Suite 230
San Mateo, California 94402
Telephone:  (650) 638-0120
Facsimile:   (650) 638-0125

Attorney for Plaintiffs,
RENATO SANTOS
ARLEEN SANTOS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO SANTOS, an individual, and ARLEEN SANTOS, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>FAY SERVICING, LLC, a business entity; CHRISTIANA TRUST, a division of Wilmington Savings Fund Society, F.S.B., not in its individual capacity but as Trustee of ARLP Trust 5; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1.   Violation of 15 U.S.C. § 1691(a)<br><br>2.   Unfair Competition – Violation of Business and Professions Code § 17200 *et seq.*<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY ALLEGATIONS

1.     Plaintiffs bring this complaint for Defendant's violation of the Equal Credit Opportunity Act ("ECOA").  In the case at hand, Plaintiffs allege that Defendants denied them an extension of credit, specifically a loan modification, based solely on the ground that they are of Filipino descent.  This is the exact discriminatory practice that has been prohibited by the Equal Credit Opportunity Act.  This lawsuit follows.

## JURISDICTION AND VENUE

2.     This is an action asserting violations of federal and California state law.  The Court has jurisdiction over this matter pursuant to federal question jurisdiction and diversity jurisdiction. Plaintiffs bring this action as a result of Defendant's unlawful conduct concerning a residential mortgage loan transaction for the property located at 15 Lone Mountain Court, Pacifica, CA

1

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

1  94044. Plaintiffs are, and at all times alleged herein was, domiciled in the state of California. For
2  purposes of diversity, Defendant FAY SERVICING, LLC maintains its principal place of
3  business in Chicago, Illinois. Defendant CHRISTIANA TRUST, a division of Wilmington
4  Savings Fund Society, F.S.B., not in its individual capacity but as Trustee of ARLP Trust 5
5  ("CHRISTIANA TRUST") is the trustee of a trust. When determining the citizenship of a trust
6  for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls.
7  CHRISTIANA TRUST is a division of Wilmington Savings Fund Society which is a federal
8  savings bank with its principal business in Delaware. Therefore, CHRISTIANA TRUST is a
9  citizen of Delaware for diversity purpsoses. The matter in controversy exceeds the sum of
10 $75,000.00, as the property at issue and the loan secured by the property are worth more than
11 $75,000.00. Therefore, this Court has jurisdiction over this matter based on diversity of
12 citizenship.
13 3.  In addition, this Court has jurisdiction over Plaintiffs' claim for violation of 15 U.S.C. §
14 1691.
15 4.  Venue is proper in this Court because a substantial part of the events giving rise to the
16 claims herein occurred in the City of Pacifica and County of San Mateo, which sits in this district.
17 Therefore, venue is proper in the Northern District Court of California.

**PARTIES**

19 5.  At all times mentioned herein, Plaintiffs RENATO SANTOS and ARLEEN SANTOS are
20 individuals of Filipino descent and adult residents of San Mateo County, California. Plaintiffs are
21 the owners of the property located at 15 Lone Mountain Court, Pacifica, CA 94044.
22 6.  At all times mentioned herein, Plaintiffs are informed and believe and thereon allege that
23 Defendant FAY SERVICING, LLC (hereinafter "FAY SERVICING") is a diversified financial
24 marketing and/or services company engaged primarily in residential mortgage banking and/or
25 related businesses. Plaintiff is informed and believes and thereon alleges that FAY SERVICING
26 is the current servicer of Plaintiff's loan on behalf of the beneficiary of the loan. Plaintiff is
27 informed and believes and thereon alleges that FAY SERVICING regularly conducts business in
28 the State of California.

7.      At all times mentioned herein, Plaintiffs are informed and believe and thereon allege that Defendant CHRISTIANA TRUST, a division of Wilmington Savings Fund Society, F.S.B., not in its individual capacity but as Trustee of ARLP Trust 5 ("CHRISTIANA TRUST") is a diversified financial marketing and/or services company engaged primarily in residential mortgage banking and/or related businesses.  Plaintiffs are informed and believe and thereon allege that U.S. CHRISTIANA TRUST is the investor of Plaintiff's loan.  Plaintiffs are informed and believe and thereon allege that that CHRISTIANA TRUST regularly conducts business in the State of California.

8.      Plaintiffs are ignorant of the true name and capacities of each Defendant sued herein under the fictitious names DOES 1 through 50, inclusive, and Plaintiffs will amend this complaint to allege such names and capacities as soon as they are ascertained. Each of said fictitiously named Defendants is responsible in some manner for the wrongful acts for which Plaintiff has complained herein.

9.      This court has personal jurisdiction over the parties as Defendants engage in business within the State of California.  Defendants' business involves providing mortgage loans and related services to consumers in the State of California.

## AGENCY ALLEGATIONS

10.     Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendants.  Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest.  Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

## STATEMENT OF FACTS

11.     In or around September 2006, Plaintiff purchased the property located at 15 Lone Mountain Court, Pacifica, CA 94044 (the "Property").  Plaintiff financed the purchase with Bank of America, executing a Promissory Note and Deed of Trust to secure the financing.

12. In or November 2010, Plaintiff fell upon hard economic times and fell behind in his mortgage payments. At the time, Bank of America owned Plaintiff's loan, and BAC Home Loans Servicing LP serviced Plaintiff's loan. Thereafter, he servicing of Plaintiffs' loan was transferred to Saxon Mortgage Services, LLC and then Ocwen Loan Servicing, LLC, before it was ultimately transferred to Defendant Fay Servicing.

13. In or around September 2015, Plaintiff began applying for a loan modification. At the time, Fay Servicing was the servicer of Plaintiff's loan.

14. On or about November 11, 2015, Plaintiff's loan modification was denied.

15. According to the correspondence, Plaintiffs were not offered a proprietary modification because the owner of the loan, CHRISTIANA TRUST, did not approve the modification request. No additional information was provided.

16. Two weeks after receiving the denial, Plaintiffs contacted their servicer FAY SERVICING and spoke with an individual named Edyta Pluta. Plaintiffs asked about the reason for the denial and were told that they would never be approved for a modification, even if Plaintiffs submitted an appeal. No other information was provided. Now, Plaintiffs are informed and believe that the only reason they were denied a modification and not provided a reason for the denial is because they were denied for a modification because they are of Filipino descent. This lawsuit follows.

**FIRST CAUSE OF ACTION**
**Violation of 15 U.S.C. § 1691(a)**

17. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

18. Defendants' conduct constitutes violations of 15 U.S.C. § 1691(a), which provides that a creditor may not discriminate against an individual that applies for credit based on the individual's race or national origin.

19. In the present case, Plaintiffs are individuals of Filipino descent. Therefore, Plaintiffs are part of a protected class under the Equal Credit Opportunity Act.

20. Between September 2015 and November 2015, Plaintiffs applied for an extension of credit by submitting a completed loan modification application to Defendants by submitting the applicatio to Defendant FAY SERVICING. Plaintiffs were qualified for the extension of credit. In fact nothing in the denial sent in November 2015 indicated that Plaintiffs did not qualify for the extension of credit. Two weeks after receiving the denial, Plaintiffs contacted their servicer FAY SERVICING and spoke with an individual named Edyta Pluta. Plaintiffs asked about the reason for the denial and were told that they would never be approved for a modification, even if Plaintiffs submitted an appeal. No other information was provided. Yet, despite Plaintiffs' qualification for a loan modification, Plaintiffs were denied the extension of credit based solely on their national origin.

21. The only reason provided for the denial is that the investor declined Plaintiffs for the program. Plaintiffs have never able to obtain any information additional information regarding the denial.

22. As a result of Defendant's violations of the Equal Credit Opportunity Act, Plaintiffs are entitled to actual damages including, but not limited to, loss of money and property, losses through overcharges, incurred attorneys' fees and costs to save his home, a loss of reputation and goodwill, destruction of credit, severe emotional distress, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court. Defendant consciously disregarded Plaintiff's rights, deliberately breaching their respective duties, showing willful misconduct, malice, fraud, wantonness, oppression, and entire want of care, thus authorizing the imposition of punitive damages

**SECONDCAUSE OF ACTION**
**Unfair Competition – Violation of Business and Professions Code § 17200 *et seq.***

23. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

24. Defendant's conduct, as alleged above, constitutes unlawful, unfair, and/or fraudulent business practices, as defined in the California Business and Professions Code § 17200 *et seq*. California Business and Professions Code § 17200 *et seq.* borrows violations from other statutes

and laws and makes them unlawful to engage in as a business practice. Plaintiff's California Business and Professions Code § 17200 allegations are *tethered* to the following laws:

25. Defendants' violations of 15 U.S.C. § 1691(a) constitutes unlawful conduct under California Business and Professions Code § 17200 *et seq*.

26. Plaintiffs seek injunctive relief enjoining Defendant from engaging in the unfair business practices described herein.

27. Plaintiffs further seek restitution, disgorgement of sums wrongfully obtained, costs of suit, reasonable attorneys' fees, and such other and further relief as the Court may deem just and proper.

**DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES**

WHEREFORE, Plaintiffs RENATO SANTOS and ARLEEN SANTOS demand a trial by jury. Plaintiffs pray for judgment and order against Defendants, as follows:

1. That judgment is entered in Plaintiff's favor and against Defendants, and each of them;

2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;

3. For a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity;

4. For a preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them from seeking to evict Plaintiff until the claims herein are resolved:

5. For an order stating that Defendants engaged in unlawful business practices;

6. For damages, disgorgement, and injunctive relief;

7. For compensatory damages, attorneys' fees, and costs according to proof at trial;

8. For such other and further relief as the Court may deem just and proper.

DATED: January 12, 2016                 Respectfully submitted,

                                        MELLEN LAW FIRM


                                         */s/ Matthew Mellen*_____
                                        Matthew Mellen
                                        Attorney for Plaintiffs
                                        RENATO SANTOS
                                        ARLEEN SANTOS