1
2
3
4
UNITED STATES DISTRICT COURT
5
NORTHERN DISTRICT OF CALIFORNIA
6

7 RENATO SANTOS, et al.,              Case No. 16-cv-00177-JCS
8        Plaintiffs,
9    v.                              **ORDER GRANTING IN PART AND
                                      DENYING IN PART MOTION TO
10 FAY SERVICING, LLC, et al.,        DISMISS**
11        Defendants.                 Re: Dkt. No. 13

12

## I.    INTRODUCTION

Plaintiffs Renato and Arleen Santos bring this action under the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(a), asserting that Defendants Fay Servicing, L.L.C. and Christian Trust denied their application for a loan modification solely on the basis that they are of Filipino descent. Defendants now bring a Motion to Dismiss Amended Complaint ("Motion"). The Court finds that the Motion is suitable for determination without oral argument and therefore **vacates** the scheduled **May 13, 2016 motion hearing** pursuant to Civil Local Rule 7-1(b). **The Case Management Conference set for the same date will be moved from 9:30 a.m. to 2:00 p.m.** For the reasons stated below, the Motion is GRANTED in part and DENIED in part.[1]

## II.   BACKGROUND

### A.    First Amended Complaint

Plaintiffs Renato and Arleen Santos allege that they are individuals of Filipino descent and that they own the property ("Property") located at 15 Lone Mountain Court, Pacifica California. First Amended Complaint ("FAC") ¶ 5. This case involves a residential mortgage loan ("the

---

[1] The parties have consented to the jurisdiction of the undersigned magistrate judge pursuant to 28 U.S.C. § 636(c).

United States District Court
Northern District of California

Loan") relating to that property.  *Id.* ¶ 2.  Defendant Fay Servicing, L.L.C. ("Fay Servicing") and Christiana Trust are allegedly "diversified financial marketing and/or services compan[ies] engaged primarily in residential mortgage banking."  *Id.* ¶¶ 6-7.   According to Plaintiffs, Fay Servicing is the current servicer of the Loan and Christiana Trust is the "investor" of Plaintiffs' Loan.  *Id.*

Plaintiffs allege that they purchased the Property in 2006, financing the purchase with Bank of America and executing a Promissory Note and Deed of Trust to secure the financing.  *Id.* ¶ 11.  They allege that in November 2010, they "fell upon economic hard times and fell behind in their mortgage payments."  *Id.* ¶ 12.  At that time the Loan was serviced by BAC Home Loans Servicing LP, but after a series of transfers, the Loan was transferred to Fay Servicing.  *Id.*

Plaintiffs allege that around September 2015 they began to apply for loan modifications.  *Id.* ¶ 13.  They submitted a loan modification application ("Application") on October 14, 2015 in which they identified their race as "Asian."  *Id.*  Plaintiffs allege the Application was denied on November 11, 2015.  *Id.* ¶ 14.  Plaintiffs allege that "[a]ccording to the correspondence, [they] were not offered a proprietary modification because the owner of the [L]oan, Christiana Trust, did not approve the modification request."  *Id.* ¶ 15.  According to Plaintiffs, they were not given any additional information regarding the denial beyond the fact that Christiana Trust had declined their Application.  *Id.*

Plaintiffs allege that two weeks after they received the denial, they contacted Fay Servicing and spoke with an individual named Edyta Pluta.  *Id.* ¶ 16.   Plaintiffs allege that Pluta told them that they "would never be approved for a modification" even if they submitted an appeal.  *Id.*  According to Plaintiffs, "[n]o other information was provided."  *Id.*  Plaintiffs allege that they "believe that the only reason they were denied a modification and not provided a reason for the denial is because . . . they are of Asian descent."  *Id.*

Plaintiffs assert two claims in their First Amended Complaint: 1) a claim for violation of ECOA, 15 U.S.C. § 1691(a) alleging that Defendants discriminated against them on the basis of their race and national origin; and 2) unfair competition in violation of California's Unfair Competition Law ("UCL"), California Business and Professions Code sections 17200 *et seq.*

2

In support of the ECOA claim, Plaintiffs allege that they are of Filipino descent and therefore that they are members of a protected class under ECOA.  *Id.* ¶ 19.  They further allege that they submitted a loan modification application to Defendants between September and November 2015, that they "were qualified for the extension of credit" and that "nothing in the denial letter sent in November 2015 indicated that Plaintiffs did not qualify for the extension of credit." *Id* ¶ 20.  Rather, the letter allegedly stated only that the "terms of the extension of credit 'were not acceptable to'" Christiana Trust.  *Id.*  Plaintiffs allege that they were told by Fay Servicing that they "would never be approved for a modification."  They allege that they were denied the extension of credit based solely on their national origin. *Id.* ¶ 21.  On the ECOA claim, Plaintiffs seek actual damages.  *Id.* ¶ 23.

The UCL claim is based on Defendants' alleged unlawful conduct, namely, their alleged discrimination in violation of ECOA.  *Id.* ¶¶ 25-26.  Plaintiffs seek "injunctive relief enjoining Defendant from engaging in the unfair business practices described herein." *Id.* ¶ 27.   Plaintiffs "further seek restitution, disgorgement of sums wrongfully obtained, costs of suit, [and] reasonable attorneys' fees." *Id.* ¶ 28.

### B.    The Motion

In the Motion, Defendants seek dismissal of both of Plaintiffs' claims.  Notice of Motion at 1-2.  First, Defendants contend Plaintiffs' allegations in support of the ECOA claim are too conclusory to state a claim because they allege no specific facts showing that: 1) their national origin was the reason their application was denied; and 2) that they were qualified for a loan modification and were denied despite being qualified.  Motion at 4-6.  The ECOA claim also fails, according to Defendants, because Plaintiffs fail to allege that a loan modification is an "extension of credit" under ECOA.  Second, Defendants argue the UCL claim fails for the same reason because it is based on the alleged ECOA violation.  *Id.* at 8-9.  Third, Defendants contend Plaintiffs lack standing under the UCL because, having already been in default at the time Fay Servicing took over the Loan, they did not lose any money or property as a result of the alleged unlawful conduct.  *Id.* at 7-8.  Finally, Defendants argue that Plaintiffs should not be given leave to amend because the defects cannot be cured and therefore, amendment would be futile.  *Id.* at

United States District Court
Northern District of California

1   11.[2]

2   **III.     ANALYSIS**

3       **A.     Legal Standard under Rule 12(b)(6)**

4       A complaint may be dismissed for failure to state a claim on which relief can be granted

5   under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 12(b)(6).  "The

6   purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the

7   complaint." *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983).  Generally, a

8   plaintiff's burden at the pleading stage is relatively light.  Rule 8(a) of the Federal Rules of Civil

9   Procedure states that "[a] pleading which sets forth a claim for relief . . . shall contain . . . a short

10  and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P.

11  8(a).

12      In ruling on a motion to dismiss under Rule 12(b)(6), the court analyzes the complaint and

13  takes "all allegations of material fact as true and construe[s] them in the light most favorable to the

14  non-moving party." *Parks Sch. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).

15  Dismissal may be based on a lack of a cognizable legal theory or on the absence of facts that

16  would support a valid theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

17  1990).  A plaintiff need not plead a prima facie case in order to survive a motion to dismiss

18  pursuant to Rule 12(b)(6). *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514-15 (2002); *see also*

19  *Starr v. Baca*, 652 F.3d 1202 (9th Cir. 2011) (reaffirming the holding of *Swierkiewicz* in light of

20  *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).  A

21  complaint must however "contain either direct or inferential allegations respecting all the material

22  elements necessary to sustain recovery under some viable legal theory." *Twombly*, 550 U.S. at

23  562 (citing *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

24  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

25  cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Nor

26

27  _____
    [2] In the Notice of Motion Defendants also suggest that they are challenging the ECOA claim on
28  the basis that Plaintiffs have failed to establish damages.  *See* Notice of Motion at 1.  In their brief,
    however, they do not address this claim or offer any supporting authority.  Therefore, the Court
    does not address this argument.

United States District Court
Northern District of California

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557).  Rather, the claim must be "'plausible on its face,'" meaning that the plaintiff must plead sufficient factual allegations to "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 570).

### B.   Claim One (ECOA Claim)

"Though the Ninth Circuit has yet to articulate the elements of an ECOA claim, numerous district courts in this circuit have held that, to state a claim under ECOA, a plaintiff must allege that: '(1)  she is a member of a protected class; (2) she applied for credit with defendants; (3) she qualified for credit; and (4) she was denied credit despite being qualified.'"   *Harvey v. Bank of Am., N.A*., 906 F. Supp. 2d 982, 990-91 (N.D. Cal. 2012) (quoting *Hafiz v. Greenpoint Mortg. Funding, Inc*., 652 F.Supp.2d 1039, 1045 (N.D.Cal.2009) (citing *Chiang v. Veneman*, 385 F.3d 256, 259 (3d Cir.2004))).  Defendants challenge Plaintiffs' allegations as to the second element and the third and fourth elements.  The Court finds that these elements are adequately alleged in the First Amended Complaint.

Defendants' challenge as to the second element is based on the claim that "Plaintiffs never allege that a loan modification application is an 'extension of credit' under ECOA."  Motion at 5 (citing *Harvey*, 906 F. Supp. 2d at 991;  *Franczak v. SunTrust Mortg. Inc.*, No. 12-1453, 2013 WL 843912, at *5 (N.D. Cal. Mar. 6, 2013)).  Plaintiffs expressly refer to the loan modification application as an "extension of credit" more than once in their First Amended Complaint, including in their ECOA claim.  *See, e.g.,* FAC ¶¶ 20, 21, 22.  Thus, the only question is whether a loan modification is, as a legal matter, an "extension of credit" under ECOA.   In *Franczak,* Judge Davila opined that it was "doubtful" that "a loan modification can qualify as a 'credit application'" under ECOA.  2013 WL 843912, at *5.  He did not actually rule on that question, however, assuming for the purposes of the motion to dismiss in that case that the loan modification the plaintiff was seeking constituted "credit" under ECOA.  *Id*.  Rather, the court dismissed the plaintiff's ECOA claim with leave to amend on the basis that he had not alleged that he was a member of a protected class or that he was qualified to receive the loan modification.  *Id*.

United States District Court
Northern District of California

A number of district courts in the Ninth Circuit that have actually ruled on this question have reached a contrary conclusion.  For example, in *Vasquez v. Bank of America*, Judge Tigar acknowledged the comment in *Franczak*  quoted above but concluded that a home loan modification is, in fact, a "credit application" under ECOA, citing the Seventh Circuit's decision in *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 538 (7th Cir.2011).  *Vasquez v. Bank of Am. , N.A.*, No. 13-CV-02902-JST, 2013 WL 6001924, at *13 (N.D. Cal. Nov. 12, 2013) ("*Vasquez I*").  In *Vasquez I*, the court also noted that the Federal Reserve has reached the same conclusion. *See  id*. (citing Ltr. from Bd. Govs. of the Fed. Res. System to Offcrs. & Mgrs. in Charge of Consumer Affairs Sections (Dec. 4, 2009), http:// www.federalreserve.gov/ boarddocs/ caletters/ 2009/0913/ caltr0913.htm).  *Id*.;  *see also Watts v. JP Morgan Chase Bank, N.A.*, No. 5:11-CV-02780-LHK, 2012 WL 3638537, at *3 (N.D. Cal. Aug. 22, 2012) (holding that "[a] modification of an existing loan is an extension of credit for ECOA purposes" and citing *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529 (7th Cir.2011));  *Banks v. JPMorgan Chase Bank, N.A.*, No. LA CV14-06429 JAK, 2014 WL 6476139, at *13 (C.D. Cal. Nov. 19, 2014) (same).  For the reasons stated in *Vasquez I*, the undersigned concludes that a loan modification constitutes "credit" for the purposes of an ECOA discrimination claim.  Therefore, the Court rejects Defendants' assertion that this element is not sufficiently pled in the First Amended Complaint.

Defendants also contend Plaintiffs' ECOA claim is insufficiently pled because Plaintiffs have not included specific facts in support of their allegation that they were qualified for a loan modification and were rejected despite being qualified.  While *Iqbal* and *Twombly* require that the allegations must be sufficient to render them plausible, Plaintiffs are not required to meet a heightened pleading standard under Rule 8 of the Federal Rules of Civil Procedure.  The question the Court must decide is the degree of detail required to render Plaintiffs' claim. The Court concludes that the allegations here are sufficient as to the third and fourth elements of Plaintiffs' ECOA claim.

Contrary to Defendants' assertion that Plaintiffs have offered only conclusory allegations that they were qualified for a loan modification and were denied despite being qualified, Plaintiffs allege at least two specific facts in the First Amended Complaint that support an inference that

1    Plaintiffs' application was denied despite their being qualified for it.  First, they allege that

2    Defendants never offered any reasons for denying them credit.  FAC ¶ 15.  Second, they allege

3    that when they called Fay Servicing to inquire, they were told that they would never be approved,

4    even if they appealed.  *Id* ¶ 16.  While one inference from these allegations could be that Plaintiffs

5    simply were not qualified for a loan modification, another inference, which is at least plausible, is

6    that the denial had nothing to do with Plaintiffs' financial situation and was instead based on their

7    race or national origin.   At this stage of the case, the Court is required to construe all material

8    allegations in the light most favorable to Plaintiffs, as discussed above.  Under that standard, the

9    Court concludes that Plaintiffs' allegations are sufficient.[3]

10        Second, the Court rejects Defendants' reliance on *Vasquez v. Bank of America, N.A.*, No.

11   13-cv-2902, 2014 WL 1614764 (N.D. Cal. April 22, 2014) ("*Vasquez II*").  In that case, Judge

12   Tigar dismissed one of the plaintiff's ECOA claims, based on alleged discrimination, while

13   allowing a separate ECOA claim based on allegedly inadequate notice to proceed where there

14   were no factual allegations whatsoever in support of the  former claim.  2014 WL 1614764, at *3.

15   As discussed above, that is not the case here.

16        Accordingly, the Court finds that Plaintiffs' allegations in support of their ECOA claim are

17   sufficient to survive Defendants' request for dismissal under Rule 12(b)(6).

18        **C.     Claim Two (UCL Claim)**

19         The UCL prohibits "unfair competition," which is defined as any "unlawful, unfair or

20   fraudulent business act or practice."  Cal. Bus. & Prof. Code § 17200.  A plaintiff may establish a

21   violation of section 17200 under any one of three prongs.  To state a cause of action based on an

22   "unlawful" business act or practice under the UCL, a plaintiff must allege facts sufficient to show

23   a violation of some underlying law. *People v. McKale,* 25 Cal.3d 626, 635 (1979).   Because

24   Plaintiffs' UCL claim is based on the alleged violation of ECOA, the Court  rejects Defendants'

25   _____

26   [3] The Court also notes that to the extent that the question of whether Plaintiffs were qualified for a
     loan modification turns, at least in part, on the guidelines and rules used by Defendants for

27   determining eligibility for a loan modification, and assuming it is true, as  alleged in the First
     Amended Complaint, that Plaintiffs were given no specific reasons for the rejection, it is more

28   appropriate to address this question at a later stage of the case, when Plaintiffs have had an
     opportunity to conduct some discovery.

United States District Court
Northern District of California

1   assertion that the claim fails to adequately allege any unlawful conduct for the reasons stated

2   above, leaving only the question of whether Plaintiffs have standing to assert their UCL claim.

3   The Court concludes that they do not.

4           A claim may be brought under the UCL "by a person who has suffered injury in fact and

5   has lost money or property as a result of unfair competition." *Id.* § 17204.  Therefore, to establish

6   standing under the UCL a plaintiff must "(1) establish a loss or deprivation of money sufficient to

7   qualify as injury in fact, i.e., *economic injury,* and (2) show that the economic injury was the result

8   of, i.e., *caused by,* the unfair business practice . . . that is the gravamen of the claim." *Lawther v.*

9   *OneWest Bank, FSB,* 2012 WL 298110, at *23 (N. D. Cal. Feb. 1, 2012) (quoting *Kwikset Corp.,*

10  51 Cal.4th 310, 322 (2011) (emphasis in *Kwikset*).  In cases where the harm alleged results from a

11  non-judicial foreclosure, courts have held that where the alleged wrongful conduct occurred after

12  the plaintiff was already in default, there is no standing under the UCL because the borrower

13  cannot satisfy the causation requirement of the UCL.  *See, e.g., Garcia v. PNC Mortg.*, No. C-14-

14  3543 PJH, 2015 WL 534395, at * 8 (N.D. Cal. Feb. 9, 2015) )("Where a borrower claims a

15  violation of the UCL in connection with non-judicial foreclosure activity, there is no standing to

16  sue for alleged conduct that occurred after the plaintiff's default under the loan, because the

17  borrower cannot satisfy the causation component of the standing requirement") (citing *Jenkins v.*

18  *JP Morgan Chase Bank, N.A.*, 216 Cal.App. 4th 497, 521–23 (2013)); *Duenas v. Ocwen Loan*

19  *Servicing, LLC*, No. 1:14-CV-00406-JLT, 2014 WL 4627203, at *14 (E.D. Cal. Sept. 16, 2014)

20  ("Plaintiff defaulted on the loan in March 2013, several months before Defendants took the actions

21  alleged by Plaintiff and even before Ocwen was the servicer on the loan [and therefore] . . . the

22  actions could not be the cause of her economic loss") (also citing *Jenkins*).

23          Plaintiffs have not attempted to distinguish this authority but have simply argued that "if

24  Defendant hadn't improperly denied Plaintiffs an extension of credit, their property would not still

25  be in foreclosure."  Opposition at 4.  Plaintiffs have cited no authority suggesting that this theory

26  of economic injury is sufficient to confer standing upon them and the Court finds none.  The fact

27  that a loan modification might have ameliorated the harm that resulted from Plaintiffs' default

28  does not establish that that harm was *caused* by the denial of the modification application.  Nor

8

have Plaintiffs identified any economic harm other than the harm that resulted from the foreclosure that might give them standing to proceed with their UCL claim.  Therefore, the Court finds that Plaintiffs lack standing to assert their UCL claim.   Plaintiffs will be permitted to amend to allege, if they can, facts showing that they suffered some economic harm other than that which resulted from their default on the Loan and which was caused by Defendants' alleged conduct.

**IV.    CONCLUSION**

For the reasons stated above, the Motion is GRANTED as to the UCL claim, which is dismissed with leave to amend.  The Motion is DENIED as to the ECOA claim.  Plaintiffs may file an amended complaint alleging facts that demonstrate they have standing on their UCL claim within thirty (30) days of the date of this order.

**IT IS SO ORDERED.**

Dated:  May 2, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

United States District Court
Northern District of California

9