Matthew D. Mellen (Bar No. 233350)
MELLEN LAW FIRM
411 Borel Avenue, Suite 230
San Mateo, California 94402
Telephone:   (650) 638-0120
Facsimile:    (650) 638-0125

Attorney for Plaintiffs,
RENATO SANTOS
ARLEEN SANTOS

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENATO SANTOS, an individual, and ARLEEN SANTOS, an individual;<br><br>Plaintiffs',<br><br>vs.<br><br>FAY SERVICING, LLC, a business entity; CHRISTIANA TRUST, a division of Wilmington Savings Fund Society, F.S.B., not in its individual capacity but as Trustee of ARLP Trust 5; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No.:  3:16-cv-00177-JCS<br><br>**SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF**<br><br>1.   Violation of 15 U.S.C. § 1691(a)<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## PRELIMINARY ALLEGATIONS

1.      Plaintiffs bring this complaint for Defendant's violation of the Equal Credit Opportunity Act ("ECOA").  In the case at hand, Plaintiffs allege that Defendants denied them an extension of credit, specifically a loan modification, based solely on the ground that they are of Filipino descent.  This is the exact discriminatory practice that has been prohibited by the Equal Credit Opportunity Act.  Furthermore, despite its requirement to do so, Defendants failed to make a determination on Plaintiffs' modification application within the timeframes proscribed by law.  This lawsuit follows.

## JURISDICTION AND VENUE

2.      This is an action asserting violations of federal and California state law.  The Court has jurisdiction over this matter pursuant to federal question jurisdiction and diversity jurisdiction.

Plaintiffs bring this action as a result of Defendant's unlawful conduct concerning a residential mortgage loan transaction for the property located at 15 Lone Mountain Court, Pacifica, CA 94044. Plaintiffs are, and at all times alleged herein was, domiciled in the state of California. For purposes of diversity, Defendant FAY SERVICING, LLC maintains its principal place of business in Chicago, Illinois. Defendant CHRISTIANA TRUST, a division of Wilmington Savings Fund Society, F.S.B., not in its individual capacity but as Trustee of ARLP Trust 5 ("CHRISTIANA TRUST") is the trustee of a trust. When determining the citizenship of a trust for purposes of diversity jurisdiction, it is the citizenship of the trustee which controls. CHRISTIANA TRUST is a division of Wilmington Savings Fund Society which is a federal savings bank with its principal business in Delaware. Therefore, CHRISTIANA TRUST is a citizen of Delaware for diversity purpsoses. The matter in controversy exceeds the sum of $75,000.00, as the property at issue and the loan secured by the property are worth more than $75,000.00. Therefore, this Court has jurisdiction over this matter based on diversity of citizenship.

3. In addition, this Court has jurisdiction over Plaintiffs' claim for violation of 15 U.S.C. § 1691.

4. Venue is proper in this Court because a substantial part of the events giving rise to the claims herein occurred in the City of Pacifica and County of San Mateo, which sits in this district. Therefore, venue is proper in the Northern District Court of California.

**PARTIES**

5. At all times mentioned herein, Plaintiffs RENATO SANTOS and ARLEEN SANTOS are individuals of Filipino descent and adult residents of San Mateo County, California. Plaintiffs are the owners of the property located at 15 Lone Mountain Court, Pacifica, CA 94044.

6. At all times mentioned herein, Plaintiffs are informed and believe and thereon allege that Defendant FAY SERVICING, LLC (hereinafter "FAY SERVICING") is a diversified financial marketing and/or services company engaged primarily in residential mortgage banking and/or related businesses. Plaintiffs are informed and believe and thereon allege that FAY SERVICING is the current servicer of Plaintiffs' loan on behalf of the beneficiary of the loan. Plaintiffs are

informed and believe and thereon allege that FAY SERVICING regularly conducts business in the State of California.

7.  At all times mentioned herein, Plaintiffs are informed and believe and thereon allege that Defendant CHRISTIANA TRUST, a division of Wilmington Savings Fund Society, F.S.B., not in its individual capacity but as Trustee of ARLP Trust 5 ("CHRISTIANA TRUST") is a diversified financial marketing and/or services company engaged primarily in residential mortgage banking and/or related businesses.  Plaintiffs are informed and believe and thereon allege that U.S. CHRISTIANA TRUST is the investor of Plaintiffs' loan.  Plaintiffs are informed and believe and thereon allege that that CHRISTIANA TRUST regularly conducts business in the State of California.

8.  Plaintiffs are ignorant of the true name and capacities of each Defendant sued herein under the fictitious names DOES 1 through 50, inclusive, and Plaintiffs will amend this complaint to allege such names and capacities as soon as they are ascertained. Each of said fictitiously named Defendants is responsible in some manner for the wrongful acts for which Plaintiffs have complained herein.

9.  This court has personal jurisdiction over the parties as Defendants engage in business within the State of California.  Defendants' business involves providing mortgage loans and related services to consumers in the State of California.

## AGENCY ALLEGATIONS

10.  Plaintiffs are informed and believe and thereon allege that at all times herein mentioned, each Defendant was acting as the agent, servant, employee, partner, co-conspirator, and/or joint venturer of each remaining Defendants.  Each Defendant was acting in concert with each remaining Defendant in all matters alleged, and each Defendant has inherited any and all violations or liability of their predecessors-in-interest.  Additionally, each Defendant has passed any and all liability to their successors-in-interest, and at all times were acting within the course and scope of such agency, employment, partnership, and/or concert of action.

//

//

**STATEMENT OF FACTS**

11. In or around September 2006, Plaintiffs purchased the property located at 15 Lone Mountain Court, Pacifica, CA 94044 (the "Property"). Plaintiffs financed the purchase with Bank of America, executing a Promissory Note and Deed of Trust to secure the financing.

12. In or November 2010, Plaintiffs fell upon hard economic times and fell behind in their mortgage payments. At the time, Bank of America owned Plaintiffs' loan, and BAC Home Loans Servicing LP serviced Plaintiffs' loan. Thereafter, the servicing of Plaintiffs' loan was transferred to Saxon Mortgage Services, LLC and then Ocwen Loan Servicing, LLC, before it was ultimately transferred to Defendant Fay Servicing.

13. In or around September 2015, Plaintiffs began applying for a loan modification. At the time, Fay Servicing was the servicer of Plaintiffs' loan. On October 14, 2015, Plaintiffs submitted a loan modification application to Defendants, through Fay Servicing, LLC. Plaintiffs submitted the application through their agent, the National Asian American Coalition, and the application identified Plaintiffs' respective races as "Asian".

14. On or about November 11, 2015, Plaintiffs' loan modification was denied.

15. According to the correspondence, Plaintiffs were not offered a proprietary modification because the owner of the loan, CHRISTIANA TRUST, did not approve the modification request. No additional information was provided regarding the denial, except that the investor declined Plaintiffs for the modification.

16. Two weeks after receiving the denial, Plaintiffs contacted their servicer FAY SERVICING and spoke with an individual named Edyta Pluta. Plaintiffs asked about the reason for the denial and were told that they would never be approved for a modification, even if Plaintiffs submitted an appeal. No other information was provided. Now, Plaintiffs are informed and believe that the only reason they were denied a modification and not provided a reason for the denial is because they were denied for a modification because they are of Asian descent. This lawsuit follows.

//

//

4
SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

## FIRST CAUSE OF ACTION
## Violation of 15 U.S.C. § 1691(a)

17. Plaintiffs incorporate all allegations of this complaint and re-allege them as though they were fully set forth herein.

18. Defendants' conduct constitutes violations of 15 U.S.C. § 1691(a), which provides that a creditor may not discriminate against an individual that applies for credit based on the individual's race or national origin.

19. In the present case, Plaintiffs are individuals of Filipino descent. Therefore, Plaintiffs are part of a protected class under the Equal Credit Opportunity Act.

20. Between September 2015 and November 2015, Plaintiffs applied for an extension of credit by submitting a completed loan modification application to Defendants by submitting the application to Defendant FAY SERVICING. Plaintiffs were qualified for the extension of credit. In fact, nothing in the denial sent in November 2015 indicated that Plaintiffs did not qualify for the extension of credit. Instead, the denial merely indicated that the terms of an extension of credit "were not acceptable to the investor" who was identified as Christiana Trust, a division of Wilmington Savings Fund Society, FSB.

21. Two weeks after receiving the denial, Plaintiffs contacted their servicer FAY SERVICING and spoke with an individual named Edyta Pluta. Plaintiffs asked about the reason for the denial and were told that they would never be approved for a modification, even if Plaintiffs submitted an appeal. No other information was provided. Yet, despite Plaintiffs' qualification for a loan modification, Plaintiffs were denied the extension of credit based solely on their national origin.

22. The only reason provided for the denial is that the investor declined Plaintiffs for the program. Plaintiffs have never able to obtain any information additional information regarding the denial. Thus, Plaintiffs are informed and believe that the only reason they were denied an extension of credit is their race, as indicated in their application and given that the application was sent to Defendants by the National Asian America Coalition.

23. As a result of Defendant's violations of the Equal Credit Opportunity Act, Plaintiffs are entitled to actual damages including, but not limited to, loss of money and property, losses

through overcharges, incurred attorneys' fees and costs to save his home, a loss of reputation and goodwill, destruction of credit, severe emotional distress, frustration, fear, anger, helplessness, nervousness, anxiety, sleeplessness, sadness, and depression, according to proof at trial but within the jurisdiction of this Court.  Defendant consciously disregarded Plaintiffs' rights, deliberately breaching their respective duties, showing willful misconduct, malice, fraud, wantonness, oppression, and entire want of care, thus authorizing the imposition of punitive damages

## DEMAND FOR JURY TRIAL AND PRAYER FOR DAMAGES

WHEREFORE, Plaintiffs RENATO SANTOS and ARLEEN SANTOS demand a trial by jury.  Plaintiffs pray for judgment and order against Defendants, as follows:

1. That judgment is entered in Plaintiffs' favor and against Defendants, and each of them;
2. For an order requiring Defendants to show cause, if they have any, why they should not be enjoined as set forth below, during the pendency of the action;
3. For a temporary restraining order, preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them from causing the Property to be sold, assigned, transferred to a third-party, or taken by anyone or any entity;
4. For a preliminary and permanent injunction preventing Defendants, or anyone acting in concert with them from seeking to evict Plaintiffs' until the claims herein are resolved:
5. For an order stating that Defendants engaged in unlawful business practices;
6. For damages, disgorgement, and injunctive relief;
7. For compensatory damages, attorneys' fees, and costs according to proof at trial;
8. For such other and further relief as the Court may deem just and proper.

DATED:  June 1, 2016              Respectfully submitted,

                                  MELLEN LAW FIRM


                                   */s/ Matthew Mellen*
                                  Matthew Mellen
                                  Attorney for Plaintiffs
                                  RENATO SANTOS
                                  ARLEEN SANTOS

SECOND AMENDED COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF